UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MELANIE HAMMER,

                           Plaintiff,

     – against –

TOWN OF BEDFORD NEW YORK, DEPARTMENT OF
BUILDING BEDFORD NEW YORK, ZONING BOARD OF
APPEALS BEDFORD NEW YORK, ALBERT CIRACO,
ERIC GORDON, and ROBERT ZITT,

                           Defendants.
------------------------------------------------------------------------x

**ORDER**

No. 25-CV-2618 (CS)

Seibel, J.

     Citing 28 U.S.C. § 1404(a), Plaintiff seeks a change of "venue" from White Plains to Foley Square, based on "deep-rooted political and professional connections between several key witnesses and the local government and legal community in Westchester County." (ECF No. 33-1 at 1.) Specifically, she alleges that the law firm Keane & Beane "has longstanding political and governmental ties in Westchester County" because it represents local governments, and that Anthony Scarpino, Jr. is a former Westchester County judge and district attorney. (*Id.* at 2.) These allegations are puzzling, as neither Keane & Beane nor Scarpino is a party to this case. (The Court is also puzzled by Plaintiff's allegation that Keane & Beane "represents the Defendants in this matter," (ECF No. 33-2 at 1), when the Defendants are represented by Silverman & Associates.) The Court understands, however, that two defendants in this case are lawyers at Keane & Beane and that Plaintiff's tenant in the apartment at the center of this controversy was a close relative of Scarpino. Plaintiff therefore concludes that, "[g]iven the prominent public roles and institutional affiliations of key parties and witnesses within White

Plains and the surrounding political infrastructure, there is a substantial risk of implicit or explicit bias, or at minimum, the appearance of impropriety." (ECF No. 33-1 at 2.)

The application is frivolous. In ECF No. 33, Plaintiff does not even allege, let alone support, that the undersigned has any connection to either Keane & Beane or Scarpino, and she does not explain how any connections they may have to others in the area who have no role in this case would lead any reasonable person to suspect impropriety. To be clear, I know Keane & Beane and its lawyers only in my capacity as a judge; I do not know Mr. Scarpino (if we have met in passing at an event, I do not remember it); and I have no extrajudicial, social or personal relationship with anybody involved in this case. In ECF No. 35, Plaintiff supplements her motion by claiming "an ongoing professional relationship" between Keane & Beane and the undersigned. She notes that one defendant, Eric Gordon, represented a party in a case before me that concluded in 2014. She further notes that the firm has appeared in seven additional cases before me, all but one of which are concluded. (The defendants that Keane & Beane represented in the remaining case, No. 15-CV-6323, were terminated in 2021 and 2023, respectively.) She claims that "defendants' counsel may benefit from **familiarity or deference** not available to a *pro se* plaintiff." (ECF No. 35 at 2.) She therefore contends that transfer is necessary for public confidence in the impartiality of these proceedings.

The supplemental material does nothing to make the application less frivolous. That the firm – not a party to this case – has appeared in 8, or 18, or 80 of the thousands of cases over which I have presided would not create any relationship that a reasonable person would regard as suggesting impartiality. Assuming that I was positively impressed by Keane & Beane's performance in those prior cases, it is well settled that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior

proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky v. United States*, 510 U.S. 540, 555 (1994) – a standard Plaintiff has not come close to meeting or even alleging.  Far closer relationships do not merit recusal.  *See, e.g., Riola v. Long Island Cycle & Marine, Inc.*, 352 F. Supp. 2d 365, 366-67 (E.D.N.Y. 2005) (denying recusal motion where judge and lawyer were colleagues at the U.S. Attorney's Office); *Gardella v. Int'l Paper Co.*, No. 04-CV-935, 2004 WL 2516189, at *2 (D. Conn. Nov. 3, 2004) (declining to recuse where judge worked at law firm representing defendants over five years before case); *In re Cooke*, 160 B.R. 701, 707 (Bankr. D. Conn. 1993) ("The fact that a judge's former law clerk is representing a party in a case before the judge is not sufficient to make a reasonable person question the judge's impartiality.")  Surely a "relationship" arising solely from defendant working at a firm that occasionally appears before a judge does not suffice.  Plaintiff may be *pro se* in this case, but she is an attorney, and she simply cannot be serious in arguing that once a firm, or even an individual lawyer, reaches some magic number of appearances before a judge, a reasonable observer would regard that judge as presumptively biased in favor of that lawyer or firm.

      Plaintiff further contends that transfer is warranted because she maintains a business office and law practice in Brooklyn and thus Manhattan would be more convenient for her.  The Court cannot fathom that claim, as Plaintiff's residence is in Westchester.  (ECF No. 1 ("Compl.") ¶ 1.)  Plaintiff brought this case in White Plains, correctly, as Rule 18 of the S.D.N.Y. Rules for Division of Business provides that a case be heard in White Plains if the cause of action arose in Westchester, as is the case here.  Further, the defendants and all other witnesses, as far as the Court can tell, are located in Westchester.  As Plaintiff herself alleges, "[a]ll actions by the defendants described-below occurred in the State of New York, County of

Westchester . . . ."  (Compl. ¶ 2.)  There is no good faith argument that convenience dictates a transfer to Manhattan.  Given the sheer absence of any basis for the instant motion, and the timing of the application, it is hard to avoid the conclusion that Plaintiff is judge-shopping.  I have considered the standards governing both 28 U.S.C. § 455 and 28 U.S.C. § 1404.  The motion is denied.

**SO ORDERED.**

Dated:  June 2, 2025
        White Plains, New York

*[signature: Cathy Seibel]*

CATHY SEIBEL, U.S.D.J.